# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFERY DeANGELIS, | : | |
|     Plaintiff, | : | CASE NO. 3:18-CV-1689 (MPS) |
| | : | |
| v. | : | |
| | : | |
| DR. MAHOOB ASHRAF, et al. | : | |
|     Defendants. | : | June 12, 2019 |

## RULING ON MOTION FOR PRELIMINARY INJUNCTION, ECF No. 13

On March 5, 2018, the plaintiff, Jeffery DeAngelis, an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 for monetary and injunctive relief against Dr. Mahoob Ashraf, Dr. Monica Farinella, the Correctional Managed Health Care, the Connecticut Department of Correction ("DOC"), and former DOC Commissioner Scott Semple for violating his Eighth Amendment protection against cruel and unusual punishment. Compl., ECF No. 1. The plaintiff claims that the defendants acted with deliberate indifference to his medical needs.

This Court issued its Initial Review Order on November 6, 2018 permitting the complaint to proceed on the Eighth Amendment claim against Dr. Ashraf and Dr. Farinella based on the discontinuation of his neurological medication, Lyrica, and Dr. Ashraf's refusal to provide any treatment for his heart condition and Hepatitis-C. Initial Review Order, ECF No. 7, p. 11. The Court dismissed all other claims. *Id.*

On April 4, 2019 the plaintiff filed this motion for preliminary injunctive relief. Mot. for TRO and a Prelim. Inj. ("Pl.'s Mot."), ECF No. 13. Referring to Hepatitis-C, he claims that prison officials are denying him any medication "to cure his deadly disease"

and, therefore, seeks an order requiring the defendants to "tak[e] [him] to a suitable doctor and provid[e] the prescribed medication." *Id.* at 1, 5. The defendants, thereafter, filed a written opposition to the motion, contending that (1) the plaintiff has received, and continues to receive, consistent medical care for his Hepatitis-C, (2) there is no evidence that the plaintiff is at risk of suffering irreparable harm, and (3) Dr. Ashraf was never involved in treating or evaluating the plaintiff. Def.'s Opp'n to Pl.'s Prelim. Inj. ("Def.'s Opp'n"), ECF No. 17. For the following reasons, the plaintiff's motion for preliminary injunctive relief is DENIED.

I.  Standard of Review

Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Johnson v. Newport Lorillard*, No. 01-Civ-9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003). "There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it. A hearing is not required for a preliminary injunction when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record." *Riddick v. Maurer*, 730 F. App'x 34, 38 (2d Cir. 2018) (internal citations and alterations omitted).

A movant seeking a preliminary injunction must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76

F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984).

With respect to the first prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief when the movant's claim involves the alleged deprivation of a constitutional right. *Jolly*, 76 F.3d at 482; *Mitchell*, 748 F.2d at 806. But the likelihood of irreparable harm must be "actual and imminent," not speculative. *Lopez v. McEwan*, No. 3:08-CV-678 (JCH), 2010 WL 326206, at *8 (D. Conn. Jan. 22, 2010) (quoting *New York v. Nuclear Regulator Comm'n*, 550 F.2d 745, 775 (2d Cir. 1977)).

If the moving party is seeking a "mandatory injunction," meaning an injunction that changes the status quo by commanding the opposing party to perform a positive act, then he must satisfy an even higher standard of proof with respect to the second prong. *Lopez*, 2010 WL 326206, at *8. He "must make a clear or substantial showing of a likelihood of success on the merits . . . a standard especially appropriate when a preliminary injunction is sought against the government." *Id.* (quoting *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006)). "[A] mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Banks v. Annucci*, 48 F. Supp. 3d 394, 421 (N.D.N.Y. 2014) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

II. Analysis

The Court has reviewed the evidence in the record, including the exhibits the plaintiff attached to his complaint. *See* Pl.'s Exs. A, B, ECF No. 1-1. Although the Court ruled that the allegations in the complaint stated a plausible claim against Dr. Ashraf for deliberate indifference to medical needs, the evidence in the record does not support the plaintiff's claim that Dr. Ashraf is violating the Eighth Amendment by depriving him of medication for his Hepatitis-C or that the absence of such medication will result in irreparable harm. First, Hepatitis-C is not the focus of the Plaintiff's complaint and his sworn allegations concerning Dr. Ashraf's role in treating his Hepatitis-C are cursory. *See* ECF No. 1 at 11–13 ¶¶ 63–69 ("Dr. Ashraf refuses to order medication that not only treats but cures hep-C disease" and "Dr. Ashraf stated that 'Hep-C medication is very expensive but you can live without it for years.'"); ECF No. 13 at 9 ("Dr. Ashraf[] stated on multiple occasions[] that he would not order the medication that will cure the disease and save my life because its too expensive."). In fact, Dr. Ashraf's name only appears once in the medical records submitted as the plaintiff's exhibits. That reference lists him as the treating physician during a sick call visit on September 1, 2018, at Osborn Correctional Institution, during which the plaintiff complained of "low back pain" and denied other symptoms. *See* Pl.'s Ex. A, ECF No. 1-1, p. 28. The plaintiff has submitted no medical record suggesting that Dr. Ashraf treated him for Hepatitis-C or even suggesting that the plaintiff complained about Hepatitis-C symptoms or treatment to Dr. Ashraf. Further, the defendants have submitted an affidavit from Dr. Pillai stating that he, not Dr. Ashraf, was responsible for treating the plaintiff for Hepatitis-C. Attached to that affidavit are medical records showing that Dr. Pillai and another doctor provided

4

treatment and monitoring of the plaintiff's Hepatitis-C. (ECF No. 18.) Even if the state of the record is considered sufficient to show a factual dispute about whether Dr. Ashraf had some responsibility for treating the plaintiff's Hepatitis-C, the remainder of Dr. Pillai's affidavit dispels any need for an evidentiary hearing and makes clear that the plaintiff has failed to meet the standards for preliminary injunctive relief regarding his Hepatitis-C treatment.

Dr. Pillai's affidavit shows that the plaintiff's Hepatitis-C is being monitored by state medical officials and that the plaintiff is not at a substantial risk of sustaining additional damage to his liver as a result of his infection. Decl. of Dr. Pillai, ECF No. 17-1, ¶¶ 23-26. According to the evidence submitted, the plaintiff's most recent evaluation on June 18, 2018 showed essentially no liver damage or fibrosis, which are common problems associated with Hepatitis-C infection. *See id.*, ¶¶ 10, 31; Medical Records, ECF No. 18. The plaintiff has not disputed any of this evidence. It is well-established that the fact that the plaintiff disagrees with the level of treatment he is receiving or would prefer a different treatment is not a basis for an Eighth Amendment claim. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Thus, the current record does not support the plaintiff's contention that he will likely suffer irreparable harm in the absence of preliminary injunctive relief or that any defendant has been deliberately indifferent to his Hepatitis-C condition.

The case upon which the plaintiff relies, *Johnson v. Wright*, 412 F.3d 398 (2d Cir. 2005), does not support his request for preliminary injunctive relief. The Second Circuit in *Johnson* vacated a district court's ruling on a summary judgment motion because there was evidence in the record that would have supported a reasonable conclusion that the

5

defendants were deliberately indifferent to the plaintiff's chronic Hepatitis-C by denying his requests for a particular prescription medication, Ribavirin, that multiple physicians had recommended as appropriate to treat the plaintiff's condition. *Id.* at 404. By contrast, there is no evidence in this record that any physician has recommended that the plaintiff receive medication in addition to the treatment he is already receiving for Hepatitis-C.

**ORDERS**

Based on the foregoing, the motion for preliminary injunctive relief, ECF No. 13, is DENIED.

It is so ordered.

Dated at Hartford, Connecticut this 12th day of June 2019.

/s/
Michael P. Shea
United States District Judge